UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

XIII GROUP LLC D/B/A WATCH
TRADING CO., a Florida limited
liability company,

    Plaintiff,

v.                                                                                    Case No.

EDISON WATCH & GIFT CENTER, L.L.C.,
a foreign limited liability company, and
JAYESH SHAH, an adult individual,

    Defendants.
_____/

# COMPLAINT

Plaintiff, XIII Group LLC d/b/a Watch Trading Co. ("WTC"), hereby sues Defendants, Edison Watch & Gift Center, L.L.C. ("Edison") and Jayesh Shah ("Shah") (collectively, the "Defendants"), and alleges as follows:

## Parties, Jurisdiction and Venue

1.    Plaintiff, WTC, is and, at all material times hereto, was an active Florida limited liability company with its registered principal place of business in Miami, Miami-Dade County, Florida. All members of WTC are citizens of the State of Florida.

2. Defendant, Edison, is and was at all material times hereto an active New Jersey limited liability company with its registered principal place of business in Edison, New Jersey. The members of Edison are citizens of the State of New Jersey. No member of Edison is a citizen of the State of Florida. Thus, when this case was filed, Edison was (and remains) a citizen of the State of New Jersey.

3. Defendant, Shah, is an adult individual and a citizen of the State of New Jersey.

4. The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332. The matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and there is complete diversity of citizenship among the parties. At the time this action was originally filed, WTC was a citizen of Florida, and Defendants were each citizens of New Jersey.

5. Venue is proper in this district because (a) a substantial part of the events and omissions that give rise to the claims presented herein occurred in this district, and (b) the agreement sued upon in this action contains a mandatory forum selection clause mandating all actions related to or sued thereunder be brought in this District.

6. All conditions precedent to the maintenance of this action have been performed, excused or waived.

7. Plaintiff has retained the law firm of Greenberg Traurig, P.A. to represent it in this action, and its obligated to pay the firm a reasonable fee for its services.

## Factual Background

8. WTC is a luxury watch dealer in the business of selling high-end watches to customers and second-hand retailers throughout the world.

9. Edison is also a luxury watch dealer owned and operated by Jayesh.

10. In August 2020, Edison executed that certain Credit Purchase Agreement (the "Credit Purchase Agreement") with WTC, under which WTC extended a line of credit to Edison with regard to the purchase of the watches. A true and correct copy of the Credit Purchase Agreement is attached hereto as Exhibit "A" and incorporated herein by this reference.

11. Under the terms of the Credit Purchase Agreement, WTC agreed to advance a temporary line of credit in the amount of $500,000.00 (the "Line of Credit") to Edison, for the sole purpose of purchasing watches from WTC. All watches purchased with the Line of Credit remained the sole and exclusive property of WTC unless and until the monies advanced to purchase the same were repaid.

12. Sometime around late March of 2021, and continuing thereafter, Edison defaulted on Credit Purchase Agreement by making inconsistent and incomplete

payments thereunder.  Such inconsistent and incomplete payments were made for the sole purpose of inducing further business with WTC.

13. Eventually, Edison used up the Line of Credit and sought additional credit.  WTC agreed to increase the same, subject to the same terms of the Credit Purchase Agreement.

14. Over time, Edison ordered numerous luxury watches, 27 of which were not paid for (collectively, the "Watches").  A complete and accurate list of the Watches, including their make, model and serial number is attached hereto as Exhibit "B" and incorporated herein.  The purchase price for the Watches totals a staggering $1,119,779.00 (the "Loaned Amount"), for which significant amounts remain outstanding.

15. All purchases were memorialized by an invoice sent with the Watches that identified the exact make and model of the watch sold, the purchase price for the same, and a notice that all watches purchased remained the sole and exclusive property of WTC until the purchase price was paid.  True and correct copies of the invoices issued to memorialize the Watches purchased are attached hereto as Composite Exhibit "C" and incorporated herein by this reference.

16. Eventually, Edison's checks began to be returned for insufficient funds.

17. Since signing the Credit Purchase Agreement, Shah shuttered Edison's doors and relinquished possession of some or all of the Watches to certain Manhattan-based pawn shops under extremely suspicious circumstances.

18. On or about September 14, 2021, WTC filed an action against Defendants styled XIII Group, LLC v. Edison Watch & Gift Center, L.L.C., Case No. 2021-CA-009074O, Orange County Circuit Court, Orange County, Florida (the "Original Lawsuit").

19. WTC brought claims against Defendants in the Original Lawsuit for breach of contract, conversion and fraudulent transfer.

20. During the Original Lawsuit, WTC and Defendants entered into a Settlement Agreement in an attempt to resolve all claims asserted therein. A true and correct copy of the Settlement Agreement is attached hereto as Exhibit "D" and incorporated herein by this reference.

21. Under the Settlement Agreement, Defendants agreed to pay WTC $1,206,070.47 over the course of approximately sixteen (16) months including an initial lump sum amount and monthly installments thereafter, among other things.

22. In the Original Lawsuit, WTC learned that Defendants – to obtain a pawn shop loan – supposedly transferred possession of some of the Watches to Milano Creations, Inc. ("Milano") and other of the watches to Eddie & Co. of NYC

Inc. ("Eddie & Co."), both of which are located at 55 W 47th Street, New York, NY 10036 (collectively, the "Pawn Shops").

23. Defendants' purported reason for doing so was to "use the acquired funds [from the pawn of the Watches] for other business purposes" before eventually redeeming the Watches. True and correct copies of the Answers to Interrogatories served by Defendants in the Original Lawsuit are attached hereto as Composite Exhibit "E" and incorporated herein by this reference.

24. WTC believes that the Pawn Shops knew that Defendants had not paid for the Watches at the time they transferred possession to the Pawn Shops, and that the Pawn Shops otherwise knew the Watches did not belong to Defendants when accepting them on pawn and making the pawn loans to Defendants.

25. Defendants supposedly received invoices for some, but not all, of the Watches when they transferred possession of the Watches to the Pawn Shops. Multiple demands were served on the Pawn Shops, but they have not responded to such demands. It is therefore unknown whether the Pawn Shops still have possession of the Watches.

26. The court in the Original Lawsuit denied WTC's request for the court to stay or abate the Original Lawsuit pending compliance with the Settlement Agreement. WTC therefore was required to dismiss the Original Lawsuit without

prejudice. Accordingly, in order to enforce the Settlement Agreement, WTC must now file this new lawsuit.

27. Defendants have defaulted under the Settlement Agreement by failing to timely and fully make the monthly payments due thereunder. Specifically, Defendants were late in making the second lump sum of the First Installment on or before December 20, 2021, and were late in making the January 15, 2022 monthly installment payment. True and correct copies of Plaintiff's Notices of Default relating to these delinquencies are attached hereto as Composite Exhibit "F" and incorporated herein by this reference. Defendants cured these defaults within the 7-day cure period allowed under the Settlement Agreement.

28. However, Defendants again defaulted by not timely or fully making the February 5, 2022 monthly installment payment. On February 14, 2022, Plaintiff sent Defendants a Notice of Default, requiring the payment delinquency be cured by February 21, 2022. A true and correct copy of the February 14, 2022 Notice of Default is attached hereto as Exhibit "G" and incorporated herein by this reference.

29. As of the filing of this Complaint, Defendants still have not paid the February 5, 2022 monthly installment or any monthly installment payment thereafter

30. Under the Settlement Agreement, should Defendants default under the Settlement Agreement, Defendants agreed as follows:

> Defendants agree that Plaintiff immediately shall be entitled to the entry of a final judgment against Defendants in the sum of **$1,085,039.00**

7

minus any payments made pursuant to this Agreement, plus its reasonable attorneys' fees incurred as a result of said breach, which final judgment shall accrue interest at the maximum legal rate. Defendants agree that they shall have no defense to the entry of said final judgment other than payment made pursuant to the specific terms of this Agreement. Defendants further agree that, in the event of default, they will not contest any claims by Plaintiff seeking the return of the Watches, either in the Civil Action or any other court of competent jurisdiction. To carry out the terms of this paragraph, Plaintiff shall file with the Court a Motion for Entry of Agreed Final Judgment, which attaches a copy of the proposed Final Judgment. A copy of the proposed Final Judgment to be submitted to the Court upon default is attached hereto as <u>Exhibit "4"</u>. Defendants acknowledge and agree that they will not contest the entry of the Final Judgment as outlined in <u>Exhibit "4"</u>, except solely to dispute a payment made pursuant to this Agreement but which was not credited in the Final Judgment.

31. Defendants have made payments totaling $281,629.40 under the Settlement Agreement.

32. Further, WTC has incurred attorneys' fees and costs totaling approximately $55,000.00 in connection with enforcement of its rights under the Credit Purchase Agreement and the Settlement Agreement. Such fees are to be added to the balance due under the Settlement Agreement.

33. WTC reserves the right to name additional defendants and assert additional claims depending on the evidence adduced in discovery.

## COUNT I
## BREACH OF CONTRACT AGAINST EDISON AND JAYESH

34. This is an action against Defendants for breach of the Settlement Agreement.

8

35. WTC hereby incorporates by reference its allegations set forth in Paragraphs 1 through 34 above, and realleges them as if they were fully set forth herein.

36. WTC fully performed or satisfied all conditions, promises and obligations required under the Settlement Agreement.

37. Defendants materially breached the Settlement Agreement by failing to remit the monthly installment payments owed thereunder.

38. Defendants have no legally recognized justification or excuse for their breach of the Settlement Agreement.

39. As a direct and proximate result of the breaches of the Settlement Agreement by Defendants, WTC has been damaged.

40. Pursuant to the Settlement Agreement, WTC is entitled to recover from Defendants its attorneys' fees and costs incurred herein.

WHEREFORE, WTC demands judgment against Defendants for damages, interest, attorneys' fees and costs incurred herein, and such other relief as the Court deems just and necessary.

Dated: March 14, 2022.

Respectfully Submitted,

**GREENBERG TRAURIG, P.A.**
Courtney M. Keller, Esquire
Florida Bar No. 0028668
Savannah Young, Esquire
Florida Bar No. 1031408
450 South Orange Avenue, Suite 650
Orlando, Florida 32801
Telephone: (407) 420-1000
Facsimile: (407) 420-5909
Email: kellerc@gtlaw.com
youngsa@gtlaw.com
nef-iws@gtlaw.com
FLService@gtlaw.com

*Counsel for Plaintiff*

*/s/ Courtney M. Keller*_____
Courtney M. Keller

# **VERIFICATION**

Under penalties of perjury, I, Michael Dawson, declare that I have read the foregoing Verified Complaint, and that the facts stated therein are true and correct.

**XIII GROUP LLC**

By: _____

Its: _____

STATE OF _____

COUNTY OF _____

SWORN TO AND SUBSCRIBED before me by means of ☐ physical presence or ☐ online notarization, this \_\_\_\_ day of March, 2022, by _____ of XIII Group LLC, a Florida limited liability corporation, on behalf of the corporation. He/she is personally known to me or has produced _____ as identification.

NOTARY PUBLIC

_____
Print Name:_____
My Commission No.:_____
My Commission Expires:_____